# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOSEPH JOHN SHIPPS,**

    **Plaintiff,**

  v.             **CASE NO. 19-3223-SAC**

**DAVID GROVES, et al.,**

    **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, currently a prisoner in the Scott County Jail, Benton, Missouri, proceeds pro se and in forma pauperis.

### Nature of the Complaint

The events in question took place during plaintiff's detention in the Cherokee County Jail, Columbus, Kansas. Plaintiff names Sheriff David Groves, Deputy J. Click, Captain M. Tippie, and Deputy (FNU) Duckett as defendants.

In the sole count of the complaint, plaintiff alleges that on October 10, 2019, a legal envelope was returned to him already opened.[1] He states that defendant Click opened the envelope and directed defendant Duckett to deliver it to plaintiff. Plaintiff seeks injunctive relief in a pending Arkansas case due to the exposure of private information, monetary compensation, and demotions for those involved.

### Screening

A federal court must conduct a preliminary review of any case

---

[1] An attachment to the complaint shows that the envelope, addressed to the Benton County Public Defender, was returned marked "Not Deliverable as Addressed / Unable to Forward." Doc. 1, Attach. p. 1.

in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action

harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

Plaintiff's claim implicates the right of access to the courts. "To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury… -- that is, that the prisoner 'must demonstrate actual injury … -- that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or conditions of confinement.'" *Burnett v. Jones*, 437 Fed. Appx. 736, 744 (10th Cir. 2011), quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010). Here, because plaintiff has not identified any prejudice to his

Arkansas litigation as a result of the opened mail, his bare claim does not state a violation of access to the courts. *See Arney v. Simmons*, 26 F.Supp. 2d 1288, 1296 (D. Kan. 1998)(finding no constitutional deprivation where plaintiffs had "made no showing of prejudice to pending or contemplated litigation….").

Likewise, plaintiff fails to adequately allege the personal participation of defendants Grove and Tippie. Plaintiff makes no specific claim of involvement by Sheriff Grove, nor is there a claim that he maintained a policy or custom that resulted in a constitutional violation. Finally, his supervisory status alone does not give rise to liability under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(stating there must be an "affirmative link" between the constitutional deprivation alleged and either the supervisor's participation or failure to supervise and train)(citing *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)). Defendant Tippie responded to plaintiff's grievance concerning the mail; however, such participation does not state a ground for relief. The denial of a grievance "without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(citations omitted).

Finally, plaintiff's requests for relief are largely outside the jurisdiction of the Court. His request for unspecified injunctive relief in an Arkansas case cannot be granted in the District of Kansas and instead must be sought in the appropriate court. Next, the Court has no authority to grant the employment demotions sought by plaintiff. *See, e.g., Nicholas v. Hunter,* 228 F. App'x 139, 141 (3rd Cir. 2007)("The remaining relief requested is not available as the

District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, 2006 WL 1582386, at n. 1 (W.D.N.C. Jun. 1, 2006)(stating that even if plaintiff prevailed in this case, the Court would not have the authority to order the termination of the defendant's employment).

## Order to Show Cause

For the reasons set forth, the Court will direct plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **January 21, 2020,** plaintiff shall show cause why this matter should not be dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 20th day of December, 2020, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge